UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Judith J. Danielson,

Plaintiff,

v.

Minnesota School of Professional Psychology, the American Schools of Professional Psychology, Dr. Deborah Fisher, individually, and Dr. John T. O'Regan, individually,

Defendants.

Civil No. 00-651 DWF/AJB

**ORDER**

The above matter came before the Court on Plaintiff's Motion to amend her Complaint to allege punitive damages. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion is **denied** [Docket No. 11].

Dated: 4/5/01

Arthur J. Boylan
United States Magistrate Judge

APR 06 2001
FILED
F... E. DOSAL, CLERK
JUDG... NTD
DEPUT... ...RK

**MEMORANDUM**

Defendant Minnesota School of Professional Psychology sent Plaintiff a letter informing her that she was being dismissed from the school. Plaintiff has brought a defamation claim contending that the grounds given in the letter were false and defamatory. Plaintiff is before the Court seeking leave to amend the complaint to allege punitive damages.

A motion for leave to amend to demand punitive damages "must allege the applicable legal basis under [MINN. STAT. § 549.20] or other law for awarding punitive damages in the action and must be accompanied by one or more affidavits showing the factual basis for the claim." MINN. STAT. § 549.191. The submitted affidavits must provide "clear and convincing" evidence showing that a defendant acted with deliberate disregard for the rights of the plaintiff. Olson v. Snap Products, Inc., 29 F.Supp.2d 1027, 1036 (D. Minn. 1998) (citations omitted). In other words, the evidence must allow a jury to conclude that it is "highly probable" that a defendant acted with deliberate disregard for the rights of the plaintiff. Id.

To establish a case of defamation, a plaintiff must prove, *inter alia*, that a statement was false. Thompson v. Olsten Kimberly QualityCare, Inc., 33 F.Supp.2d 806, 815 (D. Minn. 1999) (citations omitted). The Court has reviewed the material submitted by Plaintiff (and has disregarded the evidence submitted by Defendants), and concludes that Plaintiff has failed to provide clear and convincing evidence that the dismissal letter made false statements.

The dismissal letter states that Plaintiff failed her internship. Plaintiff has not provided clear and convincing evidence showing that this statement is false. The evidence shows that Plaintiff's Mason City, Iowa internship was terminated. Plaintiff points to evidence which, according to her, would allow a jury to conclude that, because the conditions surrounding her internship were so disruptive, she did not, *in fact*, fail her internship. The Court concludes that it would require much more evidence, than that provided here, to equip a jury to make such a determination.

The letter states that Plaintiff failed to comply with the remediation plan and that Plaintiff refused to cooperate with an evaluation. Plaintiff contends these statements are false. However, Plaintiff's evidence shows that the remediation plan (Fisher Depo. Exh. 38) clearly requires the execution of a release and that, as of the date of the dismissal letter, Plaintiff had not yet done so. Plaintiff points to evidence showing that, on December 15, 1998, she faxed the school a letter indicating her willingness to abide by the remediation plan. However, the evidence shows that Plaintiff was only willing to abide by the plan, *as interpreted by her*. There has been no clear and convincing evidence indicating that the school's interpretation of the plan was wrong, or even unreasonable. Plaintiff explains that her position was grounded in her concern about the loss of privacy and the loss of confidence in Dr. Fisher's objectivity. However, having an explanation for one's lack of cooperation does not make one's behavior more cooperative. Thus, there has been no clear and convincing evidence presented showing

that, as of the date of the dismissal letter, Plaintiff had complied with the remediation plan, and that Plaintiff's behavior should be labeled "cooperative."

The letter also states that Plaintiff refused to accept responsibility for her behavior. Plaintiff has failed to provide clear and convincing evidence showing that this was a false statement. In fact, Plaintiff appears to concede that she has never acknowledged any fault in generating the various problems that have arisen in pursuit of her doctorate. Instead, Plaintiff argues that she should not have been required to admit responsibility because this is not a condition of earning a doctorate. However, whether Plaintiff should have been required to admit responsibility is not a matter relevant to the defamation claim.

The letter also states that Plaintiff failed to follow guidelines by applying for an internship after being told not to do so. Plaintiff has failed to provide evidence showing that this was a false statement. Plaintiff admits that, on September 1, 1998, she was told that she no longer was free to apply for internships. Plaintiff further admits that, in mid-September, she traveled to North Carolina for an internship interview. Plaintiff splits hairs by pointing out that she made the initial application for the North Carolina internship before September 1, 1998. Her argument appears to go, that the trip to North Carolina should not be deemed part of the application process. The Court is unconvinced.

AJB